# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1595 | **DATE** | 10/27/2004 |
| **CASE TITLE** | St. Paul vs. Rausch | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 12/14/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion, Defendants' motion to dismiss is denied. The plaintiff is given until 11/08/04 to seek leave to file an amended complaint. In the event the plaintiff moves to file an amended complaint, defendants response shall be filed by 11/22/04 and plaintiff's reply in support shall be filed by 11/29/04. Plaintiff's motion to strike and defendant motion for leave to file a brief in response are stricken as moot. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| No notices required, advised in open court. | | number of notices | |
| No notices required. | | OCT 28 2004 | |
| Notices mailed by judge's staff. | | | |
| Notified counsel by telephone. | | date docketed | |
| ✓ Docketing to mail notices. Memorandum Opinion distributed in open Court. | | docketing deputy initials | 37 |
| Mail AO 450 form. | U.S. DISTRICT COURT | | |
| Copy to judge/magistrate judge. | | | |
| MW courtroom deputy's initials | 2004 OCT 28 AM 9:11 | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ST. PAUL FIRE AND MARINE )
INSURANCE COMPANY, )
　)
　　　Plaintiff, )
　)
　　v. ) No. 03 C 1595
　)
　)
RAUSCH CONSTRUCTION COMPANY )
INCORPORATED, an Illinois )
corproation, WILLIAM RAUSCH, an )
individual, )
　)
　　　Defendants. )

**DOCKETED**
OCT 2 8 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Rausch Construction, Inc.'s and Defendant William Rausch's (collectively referred to as "Rausch") motion to dismiss. For the reasons stated below we deny the motion to dismiss.

## BACKGROUND

Plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul") issued a Contractors General Liability Policy ("Policy") to Rausch with a policy period

beginning on March 1, 2000, and continuing until March 1, 2001. This action is connected to an underlying state action. Luhr Bros, Inc. ("Luhr Bros") entered into contracts with third parties to supply stone and stone placement services for construction projects. On November 2, 2001, Luhr Bros filed a complaint in Illinois state court asserting a breach of contract claim against the third parties. The complaint also included tortious interference with contract claims against Rausch alleging that Rausch induced the third party to repudiate its contract with Luhr Bros and enter into a contract with Rausch. St. Paul refused to defend Rausch in the underlying state action. We also note that Rausch has filed an action in Illinois state court seeking a declaratory judgment, which has been removed to federal court by St. Paul. On March 5, 2003, St. Paul filed the instant action seeking a declaratory judgment indicating that St. Paul does not have a duty to defend Rausch under the Policy in the underlying state action. On May 21, 2004, the state trial court entered judgment in favor of Rausch. Raush now moves to dismiss this action on the basis that the relief sought by St. Paul is moot in light of the state court ruling.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753

(7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67.

## DISCUSSION

Rausch argues that since the state court ruled in its favor and St. Paul has agreed to pay the attorneys' fees and costs incurred by Rausch for the defense in the underlying action, the issue of whether or not St. Paul had a duty to defend Rausch is moot. According to Rausch, St. Paul sent Rausch a letter dated March 4, 2003, and in the letter St. Paul states that it "is willing to pay Rausch its reasonable attorneys'

fees and costs expended to date in the defense of this matter. . .[and that] St. Paul will agree to pay reasonable attorneys' fees and costs to defend Rausch on a going forward basis. . . ." (Mot. Par. 6). In its reply Rausch stated that in addition to the amounts paid by St. Paul for defense expenses, St. Paul still owes Rausch $28,225.83. However, in Rausch's supplemental brief in support of its motion to dismiss, Rausch withdraws the request and indicates that St. Paul paid the $28,225.83 on August 16, 2004.

### A. Potential Appeal Costs

St. Paul argues in its answer to the motion to dismiss that the duty to defend issue could still be relevant since Luhr could appeal the state court ruling in the underlying action. However, we have required additional briefing from the parties on this issue since the briefing for the motion to dismiss and St. Paul and Raush agree that no appeal has been filed by Luhr. (SP App 1, 2)( R App 1). Raush also indicated that the time for filing such an appeal has expired. ( R App 1).

### B. Right to Reimbursement

St. Paul argues that although it has agreed to pay Rausch the fees and costs for the defense, the payment is only conditional and St. Paul reserved the right to seek reimbursement of the funds paid to Rausch if this court finds that St. Paul did not have a duty to defend Rausch. However, St. Paul does not cite to any language in

fees and costs expended to date in the defense of this matter. . .[and that] St. Paul will agree to pay reasonable attorneys' fees and costs to defend Rausch on a going forward basis. . . ." (Mot. Par. 6). In its reply Rausch stated that in addition to the amounts paid by St. Paul for defense expenses, St. Paul still owes Rausch $28,225.83. However, in Rausch's supplemental brief in support of its motion to dismiss, Rausch withdraws the request and indicates that St. Paul paid the $28,225.83 on August 16, 2004.

### A. Potential Appeal Costs

St. Paul argues in its answer to the motion to dismiss that the duty to defend issue could still be relevant since Luhr could appeal the state court ruling in the underlying action. However, we have required additional briefing from the parties on this issue since the briefing for the motion to dismiss and St. Paul and Raush agree that no appeal has been filed by Luhr. (SP App 1, 2)( R App 1). Raush also indicated that the time for filing such an appeal has expired. ( R App 1).

### B. Right to Reimbursement

St. Paul argues that although it has agreed to pay Rausch the fees and costs for the defense, the payment is only conditional and St. Paul reserved the right to seek reimbursement of the funds paid to Rausch if this court finds that St. Paul did not have a duty to defend Rausch. However, St. Paul does not cite to any language in

the Policy that would authorize St. Paul to seek reimbursement of defense costs. St. Paul contends that it reserved its right to reimbursement in a letter sent to Raush from St. Paul, dated March 4, 2003. Rausch argues that any such reservation of rights made along with the March 2004 letter would not be binding because the Policy agreement had already been finalized and Rausch had already filed suit alleging that St. Paul's conduct constituted bad faith.

The payment by St. Paul to Raush in accordance with the March 4, 2003, letter was not an indication of any concession by St. Paul to its liability to Raush or, as Raush argues, an admission by St. Paul of acting in bad faith. In the March 4, 2003 letter, St. Paul specifically informed Raush that, although it was going to provide Raush with funds, St. Paul reserved its right to seek reimbursement. (Let.1 ). St. Paul stated specifically in the letter that it was pursuing this declaratory judgment action in federal court and that the letter and payment was "in no way intended to waive the coverage defenses stated in the letter or any other coverage defenses that may become apparent at a later date." (Let. 3). St. Paul indicated that it was reserving its right to seek reimbursement if it is determined that St. Paul did not have a duty to defend Raush. Thus, it appears that the initial agreement at issue between St. Paul and Raush has been altered and a new agreement has been formed. The claim for a declaratory judgment has become a tangential matter at best in light of the fact that St. Paul has already paid Raush. There is no indication that there was any mention of a right to reimbursement in the Policy and Raush will not be seeking

5

coverage under the policy in regards to Luhr because of the outcome in the state action. The Policy is no longer the source of terms between the parties and, in essence, based upon the parties' explanation of the situation, St. Paul's claim has been converted into a breach of contract claim regarding the reimbursement. Thus, we cannot find that the issues presented by St. Paul are moot in that there is a live controversy between the parties. We need not now determine whether or not the March 4, 2003, letter created any valid agreement between the parties. Such a determination is premature at this juncture.

One concern, however, is that Raush has answered the complaint in the instant action and therefore, if St. Paul intends to amend its complaint to reflect its current position, it must seek leave to do so. If St. Paul intends to seek leave to amend its complaint, it must do so by November 8, 2004. Raush must file its answer to the motion by November 22, 2004. The reply will be due on November 29, 2004. The next status hearing will be set for December 14, 2004, at 9:00 a.m.

## CONCLUSION

Based on the foregoing analysis, we deny the motion to dismiss.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 27, 2004