# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1595 | **DATE** | 11/10/2004 |
| **CASE TITLE** | St. Paule vs. Rausch Construction | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, plaintiff's motion for clarification is granted as stated. Plaintiff's motion to alter the 10/27/04 memorandum opinion is denied. Plaintiff's motion to extend time in which plaintiff may file an amended complaint is granted to and including 11/22/04. Plaintiff's motion for leave to supplement its complaint for declaratory judgment or alternatively to file an amended complaint is moot. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 12 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 41 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MW courtroom deputy's initials | | 2004 NOV 10 PM 5:18 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ST. PAUL FIRE AND MARINE )
INSURANCE COMPANY, )
)
Plaintiff, )
)
v. ) No. 03 C 1595
)
)
RAUSCH CONSTRUCTION COMPANY )
INCORPORATED, an Illinois )
corproation, WILLIAM RAUSCH, an )
individual, )
)
Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff St. Paul Fire and Marine Insurance Company's ("St. Paul") motion for clarification regarding our ruling issued on October 27, 2004, denying Defendants' motion to dismiss. This matter is also before the court on St. Paul's motion to alter a prior judgment and motion for an extension of time to file an amended complaint. We provide additional explanation regarding our prior ruling below, we deny the motion to alter, and we grant the motion for an extension of time to file an amended complaint for the reasons stated below.

1

# BACKGROUND

St. Paul issued a Contractors General Liability Policy ("policy") to Defendants with a policy period beginning on March 1, 2000, and continuing until March 1, 2001. This action is connected to an underlying state action. Luhr Bros, Inc. ("Luhr Bros") entered into contracts with third parties to supply stone and stone placement services for construction projects. On November 2, 2001, Luhr Bros filed a complaint in Illinois state court asserting a breach of contract claim against the third parties. The complaint also included tortious interference with contract claims against Defendants alleging that Defendants induced the third party to repudiate its contract with Luhr Bros and enter into a contract with Defendants. St. Paul refused to defend Defendants in the underlying state action. Defendants have also filed an action in Illinois state court seeking a declaratory judgment, which has been removed to federal court by St. Paul. On March 5, 2003, St. Paul filed the instant action seeking a declaratory judgment indicating that St. Paul does not have a duty to defend Defendants under the policy in the underlying state action. On May 21, 2004, the state trial court entered judgment in favor of Defendants and subsequently Defendants moved to dismiss this action on the basis that the relief sought by St. Paul is moot in light of the state court ruling.

On October 27, 2004, we denied the motion to dismiss and provided St. Paul with an opportunity to file an amended complaint because its complaint was not

consistent with its legal and factual positions being presented to the court in St. Paul's briefs. We held that the controversy between the parties that St. Paul referred to in its briefs is not a moot issue, but the controversy alluded to by St. Paul is not the same controversy referred to in the present complaint. On November 1, 2004, we also issued a supplemental order explaining that we were not requiring St. Paul to plead a particular cause of action or plead a legal theory. St. Paul subsequently filed the instant motion for clarification, a motion to alter a judgment, and a motion for an extension of time to file an amended complaint.

## DISCUSSION

### I. Applicability of Rule 59(e) Motion to Alter Judgment

We first note that St. Paul has improperly styled its motion as a motion brought pursuant to Federal Rule of Civil Procedure 59(e). Rule 59(e) only applies when a party seeks the reconsideration of a ruling that was accompanied with a final judgment. *See* Fed. R. Civ. P. 59(e)(explaining that the section addresses a "motion to alter or amend a judgment"); *Crestview Village Apartments v. U.S. Dept. of Hous. and Urban Develop.*, 383 F.3d 552, 558 (7th Cir. 2004)(explaining that "[a]fter final judgment has been entered, a plaintiff may amend with leave of the court following a motion to set aside the judgment under Rule 59(e) or Rule 60(b).");*U.S. v. Olsen*, 2001 WL 817854, at *2 (N.D. Ill. 2001)(explaining that the defendant was "correct

that neither Rule 59(e) nor Rule 60(b) appl[ied] . . . because the ruling did not dispose of the entire case and the court did not enter a final judgment."). No final judgment has been entered in this action thus far and thus St. Paul's reference to Rule 59(e) is improper.

## II. Implied Right to Reimbursement Arising From the Policy

St. Paul contends in its motion for clarification that it did not mean to imply in its briefs that a contract was formed between St. Paul and Defendants with the reservation letter. St. Paul contends that in its letter sent to Defendants on March 4, 2003, that St. Paul was merely reserving its implied right to reimbursement and that the instant action still involves a right that arises out of the policy. (Mot. Clar. 4). St. Paul's current position is not consistent with its arguments presented in prior briefs in this action. In its response to Defendants' motion to dismiss, St. Paul argued that even though St. Paul had paid Defendants for the underlying defense costs and Defendants prevailed in the underlying suit, St. Paul sent a reservation letter to Defendants when the funds were provided. (Ans. Par. 4). St. Paul explained that it warned Defendants that, although St. Paul was agreeing to pay Defendants, St. Paul would still pursue the instant action and would be entitled to reimbursement if it is found that St. Paul did not have a duty to defend Defendants. (Ans. Par. 4).

St. Paul made no argument concerning an implied right to reimbursement that

arose out of the policy itself in its answer brief to the motion to dismiss. Rather St. Paul specifically referred to the letter and asserted that it reserved its right to reimbursement in the letter. (Ans. Par. 4). St. Paul also appended the reservation letter to its answer to the motion to dismiss. In the reservation letter St. Paul states that "St. Paul will offer to defend Rausch against the claims being made by Luhr Brothers, subject to a complete reservation of rights as outlined below, including the right to seek reimbursement of defense fees." (Reserv. Letter 1). There is no express mention in the letter or indication of an implied right arising out of the policy and such language appears to be proposing an offer for a contractual relationship. St. Paul also stated in its answer to the motion to dismiss that it was only "conditionally paying for Rausch's defense fees in the underlying action." (Ans. Par. 4). Also, as indicated in our prior ruling, the allegations in the complaint focus on the duty to defend and do not address the reimbursement issues presented by St. Paul in its briefs.

St. Paul also now includes in its motion for clarification a detailed analysis of *Buss v. Superior Court*, 939 P.2d 766 (Cal. 1997). However, St. Paul did not cite or mention this case in its response to the motion to dismiss despite the fact that the ruling occurred over four years ago. St. Paul's initial shift to the implied right position occurred in supplemental briefs that St. Paul submitted after the motion to dismiss had been fully briefed and St. Paul had already taken a position in its answer to the motion to dismiss. However, *Buss* has not yet been adopted by any court that

would render its rule controlling precedent in this court and thus there was no justification for not raising the argument based on *Buss* sooner.

Based upon what we can gather from St. Paul's current presentation of its position, St. Paul is apparently seeking to create a novel claim in this district which consists of an implied right to reimbursement. We shall not rule on the propriety of such a claim at this juncture. What we require is that St. Paul file an amended complaint if it wishes to do so because its current complaint does not match up with the various positions being argued before this court by St. Paul.

We also note that St. Paul argues that it cannot plead a breach of contract claim because there has not been a breach of that contract with Defendants. According to St. Paul, since a breach rests upon this court's ruling regarding the duty to defend, there is no breach as of yet. St. Paul is the master of its own complaint and we will not assist St. Paul with the prosecution of its case, but in response to St. Paul's concerns regarding breach and request for clarification, we will note that Defendants make it very clear in their reply brief in support of their motion to dismiss that they do not concede that if this court rules that St. Paul did not have a duty to defend Defendants that Defendants are obligated to reimburse St. Paul. Rather Defendants state quite indicate that, even if the court found that St. Paul did not have a duty to defend Defendants, since no provision in the insurance policy provided for such reimbursement "St. Paul's claimed (March, 2004) reservation of rights was ineffective, particularly because it came only after Rausch had filed suit. .

. ." (Mot. Dis. Reply 2). St. Paul is seeking a declaration in this action regarding the duty to defend, but Defendants' willingness to reimburse St. Paul is clearly not dependent on such a finding. St. Paul also raises the possibility in its motion for clarification that it might pursue an unjust enrichment claim.

In making all of the above comments we are not holding that St. Paul is barred from pleading a claim based on an implied right to reimbursement arising from the policy or pleading any other type of claim. Neither are we holding or have we previously held that St. Paul is required to plead legal theories or causes of action. We merely require a clear record in order to proceed so that all parties and the court are clear as to what allegations are at issue in this suit. Once that is accomplished Defendants may renew their motion to dismiss. It would be unfair if St. Paul were allowed to proceed in this action based on the allegations in the complaint to the dispositive motion stage or trial and only then make it clear that St. Paul was pursuing an entirely different claim than the one envisioned by Defendants and the court. We will grant St. Paul's request for additional time to file an amended complaint. St. Paul will be given until November 22, 2004, to file an amended complaint.

## CONCLUSION

Based on the foregoing analysis we rule as stated above on the motion for clarification. We deny St. Paul's motion to alter and grant St. Paul's motion for an

extension of time to file an amended complaint until November 22, 2004. We deny St. Paul's "motion for leave to supplement its complaint for declaratory judgment or alternatively to file an amended complaint" that was recently filed as moot.

                                          _____
                                          Samuel Der-Yeghiayan
                                          United States District Court Judge

Dated: November 10, 2004